Filed 1/9/15  P. v. Celestine CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LAWRENCE JAY CELESTINE,<br><br>    Defendant and Appellant. | F067299<br><br>(Fresno Super. Ct. No. F12908251)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Hilary A. Chittick, Judge.

Suzanne M. Morris, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

\* Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

## INTRODUCTION

After a jury trial, appellant/defendant Lawrence Jay Celestine was convicted as charged of second degree robbery (Pen. Code, §211),[1] and he admitted two prior prison term enhancements (§ 667.5, subd. (b)). He was sentenced to the lower term of two years, plus two years for the enhancements, for an aggregate term of four years.

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

On October 11, 2013, Lydia Joachin was working as a clerk at a 7-11 convenience store in Fresno. Defendant entered the store when it was busy with customers. Joachin testified defendant walked down the middle aisle and grabbed a box of candy bars. Defendant put the box under his coat and headed to the door.

Joachin left the counter and stood in front of the store's double doors to prevent defendant from leaving. Defendant stopped in front of her. Joachin told defendant she saw him take the box of candy and asked him to return it. Defendant said he did not take anything. Joachin again said she saw him do it, and defendant denied it.

Joachin testified defendant held the box of candy in his hands, clenched against his body. He shoved his body weight against her stomach to get through the doors. Joachin fell backwards about one and one-half steps and landed against one of the outward opening doors. She did not fall to the ground. Defendant left through the adjoining door.

At trial, the prosecution introduced the store's video surveillance tape. Joachin conceded the videotape did not show that defendant pushed her, or that she fell backwards. However, Joachin insisted it happened and testified the videotape images were not clear and did not show everything.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

Upender Goel, Joachin's employer, was also in the store that day. Goel did not see defendant take anything but testified Joachin said defendant was trying to steal candy. Goel testified defendant tried to leave the store, and Joachin told defendant to return the candy. Goel testified defendant was holding the candy box. He pushed Joachin in her chest or stomach. Defendant used his hand and did not completely extend his arm when he pushed Joachin. Joachin stepped backwards against the door, and defendant left the store.

Goel chased defendant as he ran from the store. Goel saw a police car and alerted the officer about the incident. The officer detained defendant about two to three blocks away from the store. He did not have the candy or any stolen goods. However, some of the candy was found in the store's parking lot. About 30 minutes after the incident, Joachin identified defendant during an infield showup.

Defendant was arrested and asked the officer what was going on. The officer replied he was being arrested for stealing a box of candy from the 7-11 store. Defendant said he didn't know anything about that. Defendant said he was at the store, and the male employee was angry at something and chased him down the street.

The arresting officer asked Goel about the value of the box of candy. Goel guessed how many candy bars were still in the box and said it was worth $28.00. At trial, Goel testified it was a new box and the contents were worth $47; Joachin testified it was worth $45.[2]

---

[2] At the preliminary hearing, the prosecutor stated defendant had rejected an offer to plead guilty to second degree robbery for a stipulated term of three years and dismissal of the prior prison term enhancements. At trial, the court denied defendant's motion for an instruction on grand theft from the person as a lesser offense because of insufficient evidence. Instead, the court instructed the jury on the lesser included offense of misdemeanor petty theft. At the sentencing hearing, the court denied probation because of defendant's lengthy record, but found defendant was under the influence of a controlled substance when he committed the offense, he had a demonstrated history of substance abuse, and this offense was drug related. The court referred defendant to a

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 9, 2013, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

counseling or education program in prison which had a substance abuse component, pursuant to section 1203.096.